IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRIS WOOTEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-0015-D |
| | § | |
| TEXAS TECH MENTAL-MEDICAL SERVICES, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Before the Court is plaintiff CHRIS WOOTEN'S ("Wooten's") Motion for Injunction Relief [ECF 22]. For the following reasons, the Court recommends Wooten's motion should be dismissed as moot, or in the alternative, denied.

### I.
### PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

Wooten states in his motion for injunctive relief that he was transported by the Texas Department of Criminal Justice ("TDCJ") in a bus from the Neal Unit, located in Amarillo, Texas, to the Daniel Unit, located in Scurry County, Texas, and that the bus was not air-conditioned despite extremely hot Texas summer temperatures. Wooten's motion for injunctive relief does not relate directly to his complaint, which alleges he was kidnapped, tortured and subjected to other abuses under the guise of mental health treatment. Wooten attached additional grievances to his request for injunctive relief, referencing difficulties he claims he has experienced with access to the courts through the prison grievance system; however, his motion does not reference these grievances.

## II.
## LEGAL STANDARD

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

> "(1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
> (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and
> (4) the injunction will not disserve the public interest."

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a temporary restraining order ("TRO"). Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If

plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

## III.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Wooten is a TDCJ inmate currently housed at the Daniel Unit, located in the jurisdiction of the Northern District of Texas, Lubbock Division. At the time of filing his request for injunctive relief, Wooten had already been transferred from the Neal Unit, located in the jurisdiction of the same district, but in the Amarillo Division of that district, where the undersigned presides. The relief requested seeks to enjoin circumstances surrounding his time at the Neal Unit, according to the grievances submitted.

2. Wooten alleges unsafe prison conditions were practiced during his transport on a TDCJ operated bus from the Neal Unit to the Daniel Unit. He alleges that the Texas summer temperatures in mid-July were very hot, and the bus he was transported on had no air conditioning and no water in the water cooler.

3. Wooten, by his motion, does not request specific relief, nor does he state he is likely to be transported by bus at a future date and again subjected to a lack of air conditioning in the heat.

4. Prior to conducting the four-part analysis contained in the federal rules to determine if Wooten has shown the need for the extraordinary relief he requests, this Court must first determine if the jurisdiction exists to grant such relief. Wooten has now been transferred out of the jurisdiction of this division and has not articulated a new threat at the Daniel Unit, nor has he argued the likelihood of his return to this Court's jurisdiction. Without an affirmative showing that he will be returned to the Neal Unit, this Court must find his motion for injunctive relief is now moot. Thus, this Court recommends his request for injunctive relief be dismissed as moot.

5. Although this Court believes Wooten's request for injunctive relief is now moot by his transfer to another division, the Court also recommends in the alterative that Wooten's motion be denied. In conducting the four-part analysis under Federal Rule of Civil Procedure 65(a), the Court first looks to the likelihood of Wooten prevailing on the merits of his underlying case. It

       appears Wooten's underlying claims do not relate to his request for injunctive relief; further, these claims appear to be objections to the receipt of mental health treatment. Without making any final determination, it does not appear Wooten will be able to prevail on his underlying claims. Wooten must prevail on *all four* factors to merit injunctive relief.

6. Wooten must also show that he will suffer an irreparable injury if the injunction is not granted. Wooten has not stated he was injured by the lack of air conditioning or access to water during the bus ride, nor has he stated he is likely to be transported again under such conditions. By his motion, Wooten fails to demonstrate that a specific injury will occur. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland v. America Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir. 1985). It is improper for the Court to consider past and not future harm in conducting this analysis. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 (1983).

7. The Court finds TDCJ may incur harm if this injunctive is granted and that harm is not outweighed by the speculative harm to Wooten. Wooten has not specified the injunctive relief he seeks. As such, a blanket grant of injunctive relief regarding the transport of prisoners would likely be a costly endeavor not supported by any specified need.

8. The Court finally finds that granting Wooten's injunctive relief will disserve the public interest. It would subvert the public interest for this Court to allow Wooten to proceed with his request for injunctive relief without providing TDCJ the opportunity to address any future transportation concerns, if indeed they arise. Further, Wooten has failed to articulate that TDCJ intends to transport him under such conditions (or any conditions) in the future.

9. Wooten has failed to meet any of the four factors to show he merits the extraordinary measure of injunctive relief. This Court recommends that should he be transferred back to the Neal Unit during the objection period to these Findings and Conclusions, his claim for injunctive relief should still be denied.

## IV.
## RECOMMENDATION

    For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Wooten's motion for injunction relief be DISMISSED as moot, and in the alternative, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 13, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

CIVIL RIGHTS\FCRs\INJ/17-015.Wooten.deny