IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



CHRIS WOOTEN,
TDCJ-CID No. 02089854,

    Plaintiff,

v.    2:17-CV-015-Z

TEXAS TECH MENTAL-MEDICAL
SERVICES, et al.,

    Defendants.

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff CHRIS WOOTEN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint.[2] *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## PLAINTIFF'S CLAIMS

At the time of filing this complaint, plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Neal Unit in Amarillo, Texas. By his complaint, plaintiff sues multiple defendants alleging he was kidnapped and tortured for thirteen days. (ECF No. 3). These claims arise out of plaintiff's request for a mental health consultation. As a result of this request, he was sent to the Montford Mental Health Unit, located in the Lubbock Division of the Northern District of Texas. Plaintiff claims that all his property was confiscated, including his legal mail and prescription eyeglasses, and that ]he had no access to the law library during his stay at Montford. Further, he claims he was no threat to himself or anyone else and did not belong at Montford and the transfer off his unit was a violation of his rights.

---

appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] A *Spears* hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined claim as frivolous. *See Spears*, 766 F.2d at 182.

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

## ANALYSIS

The Court provided plaintiff an opportunity to withdraw his claims without payment of a filing fee because the Court was concerned plaintiff's claims were delusional and resulted from his need for mental health treatment. (ECF No. 8). However, the plaintiff persisted in his claims and filed additional attachments to his complaint.

In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Supreme Court held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under Section 1915(d) when it is based on "an indisputably meritless legal theory." *Id.* at 327. In addition to the legal basis of the complaint, Section 1915(d) empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. The initial assessment of plaintiff's alleged facts must be weighted in plaintiff's favor unless they rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, --- U.S. ---, 112 S.Ct. 1728, 1733 (1992).

Here, the Court has reviewed plaintiff's factual allegations and finds them wholly incredible. Plaintiff was temporarily transported to a new unit to receive mental health treatment; he was not kidnapped. Further, his claims of torture, referenced only in his grievances attached to his complaint, reference precautions taken in crisis management situations at the mental health unit. Finally, to the extent that plaintiff claims his property was seized during this time or his mail or law library access was suspended, he has not alleged how such procedural undertakings by

defendants caused legal repercussions in any pending litigation, nor did he allege continued deprivation of property upon his return to his unit.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section 1983 be DISMISSED with prejudice as frivolous.

Further, plaintiff's motion to supplement and amend his pleadings with new claims arising from entirely different circumstances is DENIED.

**SO ORDERED.**

January 16, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE